FILED
8/5/2019 12:45 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2019L008632

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| JOHN YAWGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| WALMART INC., | ) |
| | ) |
| Defendant | ) |

## PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Plaintiff, JOHN YAWGER, by and through his attorneys, Hart, David, Carson, LLP, and complaining of Defendant, WALMART INC., states:

### PARTIES

1. Plaintiff, JOHN YAWGER, is a private citizen who resides at 3132 N Seminary Avenue, Apt. 1S, Chicago, IL 60657.

2. WALMART INC. is a corporation, organized and existing under the laws of the State of Arkansas, and having its registered agent at 702 SW 8th Street Bentonville, Arkansas 72716-0350. WALMART INC. also has a store location at 75-1015 Henry St, Kailua, Hawaii 96740, which is where this subject occurrence took place.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties in this case. The trip and fall accident in this matter occurred in the City of Kailua, and State of Hawaii.

4. Venue is appropriate because Defendant is in the business of selling, testing, advertising, and promoting their products and/or services, in the County of Cook, State of Illinois.

Defendant has purposely availed themself of the privilege of conducting business activities and transactions within the County of Cook, State of Illinois, in particular by placing their products and/or services into the stream of commerce with the expectation that they would, and will, be purchased and used by consumers in Illinois where Plaintiff resided.

5. In consideration of the above, jurisdiction is proper as to Defendant pursuant to one or more of the following laws: 735 ILCS 5/2-209(a)(1), (a)(2), (a)(7), and (a)(12); 735 ILCS 5/2-209(b)(1), (b)(2), (b)(3) and (b)(4); and 735 ILCS 5/2-209(c).

6. In further consideration of the above, venue is proper in this Court pursuant to 735 ILCS 5/2-101 and 735 ILCS 5/2-102.

## NATURE OF THE CASE

7. This is a premises liability and negligence claim for civil damages under the laws of the State of Illinois. This action arises from the Plaintiff slipping and falling on a puddle of vomit on the floor at a property leased, managed, maintained, controlled, and/or operated by WALMART INC. The slip and fall resulted in rotator cuff tendinitis in Plaintiff's right shoulder.

## FACTUAL ALLEGATIONS

8. On or about March 18, 2018, at or about approximately 7 p.m., Plaintiff walked into the store located at 75-1015 Henry St, Kailua, Hawaii 96740.

9. On or about March 18, 2018, Plaintiff was walking from the main store to a hallway leading to the restroom.

10. There was a puddle of vomit covering the floor of the hallway, causing Plaintiff to slip on the puddle and fall onto the ground.

11. On and prior to March 18, 2019, Defendant WALMART INC. leased, managed, maintained, controlled, and/or operated the premises located at 75-1015 Henry St, Kailua, Hawaii 96740.

12. At the time and place aforesaid, the Plaintiff was lawfully at the hallway located inside the building at 75-1015 Henry St, Kailua, Hawaii 96740 as a business invitee.

13. On and prior to March 18, 2018, and at all times hereinafter mentioned, Defendant WALMART INC. retained the right to leased, managed, maintained, controlled, and/or operated the aforesaid premises, including the hallway, which served as the exclusive path for all persons lawfully therein to approach the restroom.

14. On and prior to March 18, 2018, and at all times hereinafter mentioned, Defendant WALMART INC., leased, managed, maintained, controlled, and/or operated or had a duty to leased, managed, maintained, controlled, and/or operated, both directly or indirectly through its agents, servants, contractors and/or employees, the subject hallway, including the manner in which the floor of the hallway was kept.

15. On and prior to March 18, 2018 at the aforesaid time and place, Defendant WALMART INC. had a duty to exercise ordinary care in the possession, ownership, management, operation, maintenance and control of the aforesaid premises for the safety of the Plaintiff, JOHN YAWGER, and those persons lawfully thereon.

16. On and prior to March, 18, 2018, and at all times hereinafter mentioned, Defendant WALMART INC., through its agents, servants, contractors and/or employees, caused and permitted the common areas of the aforementioned property, including the manner in which the floor of the hallway was kept to become and remain in a dangerous condition for persons using the premises, including the Plaintiff, although Defendant WALMART INC.

3

knew or in the exercise of ordinary care, should have known of the dangerous condition of the subject property.

17. Upon information and belief, on and prior to March 18, 2018, WALMART INC. had left the puddle of vomit to remain on the floor in the hallway leading to the restroom.

18. That at the aforesaid place and time, and on the aforesaid date, there was inadequate warning of the puddle of vomit in the hallway of the subject premises, particularly on the floor.

19. At the time and place aforesaid, Defendant WALMART INC., by and through its employees, servants, contractors, and/or agents, had actual or constructive knowledge of the aforesaid dangerous condition of the floor of the subject property for a significant period of time prior to the incident on March 18, 2018.

20. At the time and place aforesaid, the Plaintiff was attempting to walk to the washroom, through no fault, negligence, or carelessness of his own, he slipped and fell after stepping onto a puddle of vomit.

21. That at the aforesaid place and time, and on the aforesaid date, due to inadequate warning and cleaning, and that Plaintiff was relatively new to the premises, Plaintiff could not have anticipated that he would encounter a dangerous or hazardous condition in the hallway.

22. That at the aforesaid date and time and at the aforesaid place, it then and there became and was the duty of Defendant WALMART INC., prior to and at the time of the occurrence, to exercise reasonable care and caution in and about the ownership, management, maintenance, operation, control and possession of the aforesaid property so that the same would be in good, safe and proper condition for persons legally and lawfully upon said

premises to use and walk upon so as not to cause harm and injury to such persons and, in particular, the Plaintiff.

## COUNT I – Premise Liability
### *JOHN YAWGER v. WALMART INC.*

23. Plaintiff incorporates by reference all preceding paragraphs.

24. At the time and place aforesaid it was the duty of the Defendant, WALMART INC., as owner, occupier and/or manager of the store at 75-1015 Henry St, Kailua, Hawaii 96740, by and through its agents, employees and/or servants to exercise ordinary care so that the premises were in a reasonably safe condition so as not to cause injury to individuals, including Plaintiff, JOHN YAWGER, lawfully on said premises.

25. Notwithstanding said duty, on the aforesaid date and at said place, Defendant, WALMART INC., by and through its respective agents, servants, contractors and/or employees in the course and scope of their agency, servitude and/or employment, prior to and at the time of this occurrence, was in violation of the Premises Liability Act, 740 ILCS 130/1, in one or more of the following ways:

   a. Failed to maintain the premises, including the floor in the hallway that served as an exclusive means to approach the restroom, in a reasonable, safe, and proper condition;

   b. Allowed a dangerous condition to exist in the hallway leading to the washroom by failing to remove the vomit on the floor even though they knew, or in the exercise of ordinary care, should have known that the same created a hazard to invitees and other persons, including the Plaintiff;

5

c. Improperly operated, managed, maintained and controlled the manner in which the floor in the hallway was kept, so that as a direct and proximate result, Plaintiff was injured;

d. Created an unreasonably dangerous condition in the manner in which it kept the floor in the hallway, when it knew or should have known that said arrangement was dangerous to the Plaintiff and all other persons lawfully in the premises;

e. Created a dangerous condition by failing to remove the unreasonably dangerous condition in the manner in which it kept the floor in the hallway, when it knew that the hallway was an exclusive path for all persons lawfully in the premises, including the Plaintiff, to approach the washroom;

f. Created a dangerous condition by failing to make a reasonable inspection of the aforesaid property when defendant knew or reasonably should have known that inspecting the property was necessary to prevent injury to the Plaintiff and members of the general public and invitees;

g. Created a dangerous condition by failing to clean the floor, when it knew or should have known that floor was needed for safe movement in and around the hallway leading to the washroom; and

h. Failed to warn Plaintiff of the unreasonably dangerous condition of the floor, when defendant knew or in the exercise of ordinary care, should have known that warnings were necessary to prevent injury to the Plaintiff and other members of the general public and invitees.

i. Failed to provide a safe means of ingress/egress to and from the washroom in their store, even though they knew or, in the exercise of ordinary care, should

6

have known that invitees or other persons, including the Plaintiff, would be using said pathway to access the washroom, and knew that there was vomit in said pathway which created a hazard for Plaintiff; and

j. Was otherwise careless and/or negligent.

26. As a direct and proximate result of the aforesaid careless and negligent conduct on the part of the Defendant, WALMART INC., the Plaintiff, JOHN YAWGER, was caused to slip and fall upon an unreasonably dangerous condition created by the manner in which Defendant WALMART INC. kept it's floor in the hallway leading to the washroom, thereby sustaining severe and permanent injuries.

27. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, WALMART INC., the Plaintiff did sustain severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time. Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff JOHN YAWGER, demands judgment against the Defendant WALMART INC., for compensatory damages in an amount in excess of FIFTY THOURSAND DOLLARS ($50,000.00), the minimum jurisdictional amount of this Court, and for such other relief as this Court deems appropriate.

## COUNT II – NEGLIGENCE
### *JOHN YAWGER v. WALMART INC.*

23. Plaintiff incorporates by reference all preceding paragraphs.

7

24. At the times state herein it was the duty of the Defendant, WALMART INC., as owner, occupier and/or manager of the store at 75-1015 Henry St, Kailua, Hawaii 96740, by and through its agents, employees and/or servants to exercise ordinary care so that the premises were in a reasonably safe condition so as not to cause injury to individuals, including Plaintiff, JOHN YAWGER, lawfully on said premises.

25. Notwithstanding said duty, on the aforesaid date and at said place, Defendant, WALMART INC., by and through its respective agents, servants, contractors and/or employees in the course and scope of their agency, servitude and/or employment, prior to and at the time of this occurrence, committed one ore more of the following acts and/or omissions:

    a. Failed to maintain the premises, including the floor in the hallway that served as an exclusive means to approach the restroom, in a reasonable, safe, and proper condition;

    b. Failed to provide a reasonably safe pathway in the hallway leading to the washroom by failing to remove the vomit on the floor even though they knew, or in the exercise of ordinary care, should have known that the same created a hazard to invitees and other persons, including the Plaintiff;

    c. Improperly operated, managed, maintained and controlled the manner in which the floor in the hallway was kept, so that as a direct and proximate result, Plaintiff was injured;

    d. Failed to remove the unreasonably dangerous condition in the manner in which it kept the floor in the hallway, when it knew that the hallway was an exclusive path

for all persons lawfully in the premises, including the Plaintiff, to approach the washroom;

e. Failed to make a reasonable inspection of the aforesaid property when defendant knew or reasonably should have known that inspecting the property was necessary to prevent injury to the Plaintiff and members of the general public and invitees;

f. Failed to clean the floor, when it knew or should have known that floor was needed for safe movement in and around the hallway leading to the washroom; and

g. Failed to warn Plaintiff of the unreasonably dangerous condition of the floor, when defendant knew or in the exercise of ordinary care, should have known that warnings were necessary to prevent injury to the Plaintiff and other members of the general public and invitees.

h. Failed to provide a safe means of ingress/egress to and from the washroom in their store, even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including the Plaintiff, would be using said pathway to access the washroom, and knew that there was vomit in said pathway which created a hazard for Plaintiff; and

26. As a direct and proximate result of the aforesaid careless and negligent conduct on the part of the Defendant, WALMART INC., the Plaintiff, JOHN YAWGER, was caused to slip and fall upon an unreasonably dangerous condition created by the manner in which Defendant WALMART INC. kept it's floor in the hallway leading to the washroom, thereby sustaining severe and permanent injuries.

27. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, WALMART INC., the Plaintiff did sustain severe

FILED DATE: 8/5/2019 12:45 PM   2019L008632

and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time. Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff JOHN YAWGER, demands judgment against the Defendant WALMART INC., for compensatory damages in an amount in excess of FIFTY THOURSAND DOLLARS ($50,000.00), the minimum jurisdictional amount of this Court, and for such other relief as this Court deems appropriate.

JOHN YAWGER

By: _____
One of his attorneys

Attorneys for the Plaintiff
Octavio Duran, Jr.
Brandon C. Hall
HART, DAVID, CARSON, LLP
360 W. Butterfield Road, Ste 325
Elmhurst, IL 60126
P: 630-395-9496
F: 630-395-9451
Firm No.: 57017